**Frank C. Gibson, OSB #792352**
fgibson@eugenelaw.com
**Jonathan M. Hood, OSB #133872**
jhood@eugenelaw.com
HUTCHINSON COX
940 Willamette Street, Suite 400
P.O. Box 10886
Eugene, Oregon 97440
Telephone:    (541) 686-9160
Facsimile:    (541) 343-8693
Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **GREAT BOWERY INC.** d/b/a **TRUNK ARCHIVE,**<br><br>         Plaintiff,<br><br>   vs.<br><br>**CASCADE DIGITAL MEDIA LLC;** and **DOES 1 through 10 inclusive,**<br><br>         Defendant. | Case No.  6:20-cv-00009-MK<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

### LR 7-1 CERTIFICATION

Counsel for Defendant certifies that he has conferred with counsel for Plaintiff on the issues raised in this Motion.  Counsel have been unable to reach an agreement on the matters set forth below.

### MOTION

Defendant Cascade Digital Media LLC ("Defendant") moves for summary judgment in its favor on all claims against it by Plaintiff Great Bowery Inc. d/b/a Trunk Archive ("Plaintiff") because Plaintiff cannot prove it has standing to bring the infringement claim alleged in the Complaint.  Specifically, Plaintiff cannot prove it is the owner of an exclusive right to the images at issue in this proceeding.

Defendant's motion is supported by the record on file in this matter, the Declaration of Jonathan M. Hood in Support of Defendant's Motion for Summary Judgment ("Hood Decl.") filed herewith, and the following Memorandum of Law.

**MEMORANDUM OF LAW**

I.   **INTRODUCTION**

This is a copyright infringement case.  Plaintiff alleges it has exclusive rights in two photographs taken by Annie Leibovitz and published by *Vanity Fair* on June 25, 2015 (the "Images").  Hood Decl., Ex. 1 ("Complaint" [dkt 1]), pp. 4-6 (¶¶ 15, 18).  Plaintiff accuses Defendant of infringing on those rights by allegedly displaying the Images on Defendant's website.  Complaint ¶ 19.

Plaintiff cannot show it acquired exclusive rights in the Images.  During the discovery phase of this proceeding, Defendant requested that Plaintiff produce "All written agreements granting Trunk Archive any rights in the copyright registration" referenced in the Complaint, as well as "[a]ll other written agreements assigning, transferring, or otherwise conveying any rights in . . . the images at issue in this litigation."  Hood Decl., Ex. 2, p. 4 (Request Nos. 4 & 6).  Plaintiff produced three documents in response.  Plaintiff confirmed through its attorney that all responsive documents located after a reasonable search were produced.  None of those documents grants Plaintiff exclusive rights in the Images.

The Federal Rules of Civil Procedure require that each party produce, at the outset of litigation, all documents that that party may use to prove its claims.  Fed. R. Civ. 26(a)(1)(A)(ii). Plaintiff knew before filing this lawsuit it would be required to prove that it had acquired exclusive rights to the Images.  Plaintiff had over eight months, from the time it allegedly discovered the Images on Defendant's website to the time it filed this lawsuit, to verify it had rights in the Images that entitled it to bring the infringement claim alleged in this lawsuit. Plaintiff has had over a year since the lawsuit was initiated to gather those documents, and it has had five months to produce the necessary documents since Defendant served its first round of

discovery requests.  No documents exist showing that Plaintiff has any exclusive rights in the Images.

As a matter of law, Plaintiff does not have standing to bring the infringement claim alleged in the Complaint.  This Court should grant summary judgment in Defendant's favor.

## II.    STATEMENT OF MATERIAL FACTS

Plaintiff alleges that Defendant used two images on its website that Plaintiff claims exclusive rights in.  The Images at issue are attached as Exhibit B to the Complaint.  The Images are photographs taken by Annie Leibovitz and published by *Vanity Fair* on June 25, 2015.  Complaint ¶ 15.  The Images were taken pursuant to a contract between AL Studio, LLC (a company that appears to be owned and managed by Leibovitz) and Condé Nast (the "Condé Nast Contract").  Hood Decl., Ex. 9, pp. 1, 15-16.  That contract provided the terms and conditions for photoshoots for various Condé Nast projects, including for publication in *Vanity Fair* magazine, from January 1, 2015, through March 31, 2018.  *Id.*, p. 1.  The Condé Nast Contract specified that AL Studio owned the copyright in any photographs taken by Leibovitz during these photoshoots, and that Condé Nast had the exclusive first worldwide right to publish the photographs, a right that extended for a limited period of time following the photoshoot or publication.  *Id.*, p. 8, § 6(a).  Condé Nast was also granted "the non-exclusive right to Publish, print, re-Publish, and reprint" photographs taken by Leibovitz during these photoshoots "for the full term of copyright." *Id.*, p. 9, § 7.  All rights to those photographs not expressly granted to Condé Nast under the contract were retained by AL Studio.  Neither Great Bowery Inc. nor Trunk Archive are named anywhere in the contract.  *See generally id.*, Ex. 9.

Plaintiff alleges that the Images at issue in this proceeding were registered with the U.S. Copyright Office.  Complaint ¶¶ 15, 17.  Eight photographs published in the July 2015 issue of *Vanity Fair* magazine were registered with the U.S. Copyright Office.  Hood Decl., Ex. 8.  Leibovitz is identified as the author and copyright claimant on the registration.  *Id.*  Neither Great Bowery Inc. nor Trunk Archive are identified in the registration.  *Id.*

Plaintiff alleges that "Leibovitz subsequently granted Trunk Archive the exclusive right to license" the Images at issue in this proceeding. Complaint ¶ 18.

On August 19, 2020, Defendant requested that Plaintiff produce "All written agreements granting Trunk Archive any rights in the copyright registration referenced in paragraph 17 of the Complaint and/or the images at issue in this litigation." Hood Decl., Ex. 2, p. 3 (Request No. 4). Defendant also requested that Plaintiff "Identify the date that Plaintiff acquired exclusive licensing rights in the copyright registration referenced in paragraph 17 of the Complaint," as well as "the date that Plaintiff acquired exclusive licensing rights in the images that are the subject of this litigation." Hood Decl., Ex. 4, p. 2 (Interrogatory Nos. 1, 2).

In response to Defendant's request for documents granting Plaintiff rights in the Images, Plaintiff responded as follows: "Plaintiff has provided its Artist Agreement with Annie Leibovitz and Authorization Letter that would be applicable to the copyright registration and images at issue in this litigation." Hood Decl., Ex. 3, p. 4 (Response No. 4). Plaintiff further responded under oath that "Trunk Archive began representing Annie Leibovitz exclusively for syndication as of November 12, 2014. Therefore, Trunk Archive had exclusive licensing rights once the images were published in 2015." Hood Decl., Ex. 5, pp. 3-4 (Response Nos. 1, 2).

The "Artist Agreement" is a document purporting to give Plaintiff rights in "certain copyrighted images in and/or to which [Leibovitz] holds the copyright or reproduction rights." Hood Decl., Ex. 10. The document states it "is made as of <u>November 12, 2014</u>, by and between Trunk Images, Inc. d/b/a Trunk Archive ('Trunk Archive') and Annie Leibovitz ('Artist')." *Id.* (underline in original). The document purports to grant Trunk Archive "the exclusive worldwide right to license, market, and promote" in "images provided to Trunk Archive" by Leibovitz or an authorized agent. *Id.* ¶¶ 1, 2. The document also purports to make Trunk Archive Leibovitz's agent, stating that "Trunk Archive will be responsible for negotiating and executing licenses on Artist's behalf." *Id.* ¶ 3. The document is not signed by Trunk Archive. *Id.* The document has a signature on the line for Leibovtiz's signature, which is dated November, 14, 2014, but that signature is not Leibovitz's. *Compare id. with* Hood Decl., Ex. 9, p. 15.

The "Authorization Letter" appears to be an informal letter from Leibovitz to an unknown recipient. The letter is dated June 12, 2018, and authorizes Plaintiff to act on Leibovitz's behalf in copyright matters, but it does not transfer any rights in any copyrighted material or copyright registrations. That letter states in full:

> This letter is to confirm that Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") including its attorneys, recovery partners, and agents, are hereby authorized by me to act on my behalf in all matters relating to copyright infringement of my work. Such authorization includes sending cease and desist letters, initiating and prosecuting litigation or other formal proceedings in my name and on my behalf as a named claimant or co-claimant in relevant courts, administrative bodies or private forums in order to enforce my copyrights, negotiating settlement terms/conditions and monetary restitution, receiving payments, seeking, obtaining and enforcing judgments and signing all documents and providing all reasonable cooperation relating to these matters. In executing this document, I represent and warrant that I am the holder of all rights, title and interest in and to the copyrighted works for which Trunk Archive will be acting on your behalf. I further acknowledge and agree that neither my other agents nor I will separately attempt to settle or resolve any instances of infringement without first notifying Trunk Archive thereof in order to ensure that the work of Trunk Archive and its attorneys, recovery partners, and agents on your behalf is not undermined. Nothing herein should be interpreted to obligate Trunk Archive or its attorneys, recovery partners or agents to take any particular action with respect to any particular infringement or enforcement opportunity.

Hood Decl., Ex. 11.

To confirm that all documents and information responsive to these requests had been produced, Defendant served additional discovery requests to Plaintiff on December 4, 2020, for the following: "All documents, including agreements, not otherwise produced granting Plaintiff rights in the Images, either expressly or by implication"; "All documents not otherwise produced supporting Plaintiff's copyright infringement claim against Defendant"; and for Plaintiff to "Identify the person who signed the document titled 'Artist Agreement,' dating it November 14, 2014, produced by Plaintiff to Defendant on October 13, 2020." Hood Decl., Ex. 6, p. 3 (Request Nos. 18, 19); Ex. 7, p. 2 (Interrogatory No. 11). Plaintiff's responses were due January 4, 2020,

Page 5 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

but no responses were served on Defendant by the deadline. Hood Decl., ¶¶ 7, 8. On January 31, 2021, Plaintiff confirmed it believed all relevant documents had been produced. Hood Decl., ¶ 13. As of the filing of this motion, Plaintiff still has not served written responses to Defendant's second round of discovery requests. Hood Decl. ¶¶ 7, 8.

### III.    LAW AND ARGUMENT

#### A.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact." *Harphag Research Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007). The moving party's burden is discharged by "point[ing] to portions of the pleadings, admissions, answers to interrogatories, and depositions which, along with any affidavits, show the absence of a genuine issue of material fact." *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991).

Entry of summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. If the nonmoving party cannot prove an essential element of its case on which it has the burden of proof, the moving party is entitled to a judgment as a matter of law. *Id.* at 323.

#### B.    Plaintiff cannot prove it has standing to bring its alleged infringement claim.

The only question presented in this motion is whether Plaintiff has standing to bring the infringement claim alleged in the Complaint. To have standing to bring the infringement claim alleged in the Complaint, Plaintiff must prove that it is "[t]he legal or beneficial owner of an exclusive right under a copyright" that Defendant allegedly violated. 17 U.S.C. § 501(b). As a

matter of law, Plaintiff cannot prove it is the holder of an exclusive right to the Images at issue in this proceeding.

A copyright has six statutorily created exclusive rights.  17 U.S.C. § 106; *Fahmy v. Jay-Z*, 908 F.3d 383, 394 (9th Cir. 2018).  A "copyright owner" refers to the owner of any one of the exclusive rights comprised in a copyright.  17 U.S.C. § 101.  Plaintiff must show that it is the legal or beneficial owner of one of those rights.  *Id.*  Plaintiff alleges that Defendant infringed on an exclusive right to display the above-referenced Images.  Complaint ¶¶ 24, 25.  Plaintiff must therefore show that it is a legal or beneficial owner of an exclusive right to display those Images.

As an initial matter, Plaintiff is not a beneficial owner of any right in the Images.  The term "beneficial owner" is not defined under section 501(b).  "The classic example of a beneficial owner is 'an author who ha[s] parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees.'"  *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 988 (9th Cir. 2017).  Plaintiff has not alleged that it ever had legal title to the Images and then parted with legal title or retained a future interest in the Images.  Plaintiff is not a beneficial owner.  Plaintiff's burden, therefore, is to prove it is the legal owner of an exclusive right to display the Images.

The Copyright Act specifies the requirements for transferring copyright ownership.  17 U.S.C. § 204.  "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent."  17 U.S.C. § 204(a).  A "transfer of copyright ownership" includes an "exclusive license" or any other conveyance "of the exclusive rights comprised in a copyright."  17 U.S.C. § 101.  It does not include nonexclusive licenses.  *Id.*  Consequently, for Plaintiff to show it has standing to bring the infringement claim alleged in the Complaint, it must prove that it acquired one of the six exclusive rights specified in the Copyright Act through an instrument of conveyance, or document memorializing that conveyance, that is in writing and signed by Leibovitz or a duly authorized agent.

Page 7 – DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff cannot prove it acquired one of the six statutory exclusive rights in the Images. Plaintiff claims that it acquired an exclusive right in the Images through the Condé Nast Contract, the Artist Agreement, and the Authorization Letter. Hood Decl., Ex. 3, p. 4 (Response No. 4); Ex. 5, pp. 3-4 (Response Nos. 1, 2). Specifically, Plaintiff claims that "Trunk Archive began representing Annie Leibovitz exclusively for syndication as of November 12, 2014" through the Artist Agreement and, therefore, that "Trunk Archive had exclusive licensing rights once the images were published in 2015." Hood Decl., Ex. 5, pp. 3-4 (Response Nos. 1, 2).

The Artist Agreement is not a valid transfer of copyright ownership. It is not signed by either Leibovitz or Trunk Archive. Hood Decl., Ex. 10. Plaintiff has not identified the person who signed the agreement, but regardless, there is no evidence that the person who signed it was Leibovitz's duly authorized agent. The agreement is invalid.

Moreover, the Artist Agreement does not transfer an exclusive right in the Images at issue in this proceeding. The document describes the images to which it applies as "those images provided to Trunk Archive by Artist or Artist's authorized agent for representation hereunder." *Id.* ¶ 2. But that document purports to be created before the Images at issue in this proceeding were created, and there is no separate writing signed by Leibovitz or her agent transferring exclusive rights in those Images.

The Condé Nast Contract does not transfer any rights in the Images to Plaintiff. Hood Decl., Ex. 9. That contract is solely between Condé Nast and Leibovitz. Trunk Archive is not party to the contract or mentioned at all in the terms and conditions. The terms of the contract state that ownership of photographs taken for Condé Nast belongs to AL Studio, except for certain publication rights granted to Condé Nast. The Condé Nast Contract therefore did not transfer any rights in the Images to Plaintiff.

Even if the Artist Agreement was valid and made Plaintiff "responsible for negotiating and executing licenses on [Leibovitz's] behalf," (Hood Decl., Ex. 10, ¶ 3), the Condé Nast Contract was executed between Condé Nast and AL Studio, not Plaintiff. There is no evidence

that any exclusive rights in the images taken pursuant to the Condé Nast Contract were transferred to Plaintiff.

Finally, the Authorization Letter does not transfer any exclusive rights in the Images to Plaintiff. Hood Decl., Ex. 11. That letter grants Plaintiff the authority to act on behalf of Leibovitz in regards to certain copyrighted materials, but it does not transfer any rights in those materials or memorialize or reference such a transfer. The letter does not transfer any of the six exclusive rights identified under 17 U.S.C. 106, let alone any of those rights as they pertain to the Images at issue in this proceeding. Rather, the letter specifically states that Leibovitz is "the holder of all rights, title and interest in and to the copyrighted works for which Trunk Archive" would be acting on her behalf. Hood Decl., Ex. 11. Because the letter specifically states that Leibovitz holds all rights to those works, the letter shows that Leibovitz never transferred any rights in any copyrighted works to Plaintiff, including the Images in question.

Additionally, the letter does not identify the "copyrighted works for which Trunk Archive" would be acting on Leibovitz's behalf. No other documents exist identifying which of Leibovitz's copyrighted works, if any, Plaintiff has exclusive rights in. Plaintiff cannot show that it acquired exclusive rights to the Images at issue in this proceeding. Therefore, Plaintiff does not have standing to bring the infringement claim alleged in the Complaint.

### C.   Conclusion

For the foregoing reasons, this Court should grant summary judgment in Defendant's favor and dismiss Plaintiff's Complaint.

DATED this 5th day of February, 2021.

                                            HUTCHINSON COX

                                            By:   s/Frank C. Gibson
                                                   Frank C. Gibson, OSB #792352
                                                   Jonathan M. Hood, OSB #133872
                                                   Of Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on February 5, 2021, I served or caused to be served a true and complete copy of the foregoing **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** on the party or parties listed below as follows:

- ☒ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery
- ☐ Via Facsimile

Mathew K. Higbee
Higbee & Associates
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705
mhigbee@higbeeassociates.com
Facsimile: (714) 597-6559
Of Attorneys for Plaintiff

HUTCHINSON COX

By: s/Frank C. Gibson
    Frank C. Gibson, OSB #792352
    Jonathan M. Hood, OSB #133872
    Of Attorneys for Defendant