**Frank C. Gibson, OSB #792352**
fgibson@eugenelaw.com
**Jonathan M. Hood, OSB #133872**
jhood@eugenelaw.com
HUTCHINSON COX
940 Willamette Street, Suite 400
P.O. Box 10886
Eugene, Oregon 97440
Telephone:    (541) 686-9160
Facsimile:    (541) 343-8693
Of Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **GREAT BOWERY INC.** d/b/a **TRUNK ARCHIVE,** | Case No.  6:20-cv-00009-MK |
| Plaintiff, | **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| **CASCADE DIGITAL MEDIA LLC;** and **DOES 1 through 10 inclusive,** | |
| Defendant. | |

In its response to Defendant's Motion for Summary Judgment, Plaintiff asserted two bases for its standing to sue, in its own name, for copyright infringement in connection with the images at issue in this lawsuit (the "Images"): (1) the Artist Agreement, and (2) the Authorization Letter.  Plaintiff's Response, p. 2.  Neither document suffices to grant standing.

The 2014 Artist Agreement:  Whether or not the Court allows Plaintiff to rely on this document when Plaintiff failed to disclose the identity of the person who signed it for the artist (and Plaintiff never signed it), the express condition for the agreement's application to the Images was not met.  That condition is found in Paragraph 2 of the Artist Agreement:

> 2.    Licensed Images:  The images subject to this Agreement shall be those images provided to Trunk Archive by Artist or Artist's authorized agent for representation hereunder (the "Licensed Images").  For clarification purposes, any sale or license of the Licensed Images by Trunk Archive must be approved by Artist in advance.

For the subject Images to be "subject to" the Artist Agreement, they had to become "Licensed Images" by being provided by the artist to Plaintiff in advance of Plaintiff's sale or licensure of them to others.  Plaintiff has submitted no evidence that this occurred.  What happened instead is this.  On January 1, 2015, Ms. Leibovitz (through her company AL Studio, LLC – and not through Plaintiff) entered into a contract with Condé Nast where Ms. Leibovitz would provide photography services for certain Condé Nast projects.  Declaration of Jonathan M. Hood in Support of Defendant's Motion for Summary Judgment ("Hood Decl.") [Dkt. 17], Ex. 9.  Except for certain rights granted to Condé Nast, AL Studio retained ownership of the copyright to Ms. Leibovitz's work performed under that contract.  *Id.*, Ex. 9, p. 8, § 6(a) ("As between Contributor [AL Studio] and Company [Condé Nast], Contributor owns the copyright in the Works . . . .").  The Images were then published by Conde' Nast in the July 2015 edition of its *Vanity Fair* magazine.  Plaintiff played no part in the transaction, which was confirmed during discovery.[1]  The Artist did not provide the Images to Plaintiff so it could license them to Condé Nast.  Plaintiff has not given the Court any reason to believe that the Artist otherwise made the Images subject to the Artist Agreement.  Apart from the agreement's questionable provenance (and Plaintiff's sandbagging of Defendant about it), Plaintiff has not established that the Artist Agreement is a sufficient basis for its standing.

The 2018 Authorization Letter ("the Letter"):  The Letter is quoted in full on page five of Defendant's Motion for Summary Judgment [Dkt. 16].  It does not purport to transfer to Plaintiff any sort of copyright ownership or exclusive license.  For that reason alone, the Letter cannot be a basis for Plaintiff's standing as a litigant.  Rather, the Letter states that "[Ms. Leibovitz is] the holder of all rights, title and interest in and to the copyrighted works for which Trunk Archive will be acting on your [sic – should be "my"] behalf."  Furthermore, the Letter specifies that Ms. Leibovitz's "authorization includes sending cease and desist letters, initiating and

---

[1] Plaintiff stated that "[t]here are no communications between Trunk Archive, Vanity Fair, and/or Annie Leibovitz with respect to her photography services for the June 25, 2015 edition of Vanity Fair."  Hood Decl., Ex. 3, p. 5 (Response to RFP No. 8).

prosecuting litigation or other formal proceedings *in my name and on my behalf as a named claimant or co-claimant in relevant courts . . . .*" (emphasis added).  Ms. Leibovitz is neither a named claimant nor a co-claimant here, so this litigation is not authorized by the Letter, at all.

The simple fact is that, as of the date of the filing of this lawsuit,[2] Plaintiff had not acquired the necessary rights that would entitle it to bring this claim.  The evidence shows, at most, that Plaintiff is an agent of Ms. Leibovitz.  An agency relationship, without more, is not sufficient to confer standing for a copyright infringement claim.  There must be evidence that Ms. Leibovitz promised that Plaintiff, and only Plaintiff, would have the power, as Ms. Leibovitz's licensing agent, to authorize third parties to reproduce, distribute, and display the Images.  *DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 984 (9th Cir. 2017).  There is no evidence that Ms. Leibovitz made such a promise in regard to the Images, because there is no evidence that she made the Images "Licensed Images."

For these reasons, and those stated in Defendant's briefing on the pending motions, this Court should grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.

DATED this 12th day of March, 2021.

HUTCHINSON COX

By:   s/Frank C. Gibson
        Frank C. Gibson, OSB #792352
        Jonathan M. Hood, OSB #133872
        Of Attorneys for Defendant

---

[2] This is the date the Court is to use to determine the existence of standing.  *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008).

## CERTIFICATE OF SERVICE

I certify that on March 12, 2021, I served or caused to be served a true and complete copy of the foregoing **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** on the party or parties listed below as follows:

☒ Via CM / ECF Filing

☐ Via First Class Mail, Postage Prepaid

☐ Via Email

☐ Via Personal Delivery

☐ Via Facsimile

Mathew K. Higbee
Higbee & Associates
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705
mhigbee@higbeeassociates.com
Facsimile: (714) 597-6559
Of Attorneys for Plaintiff

HUTCHINSON COX

By:  s/Frank C. Gibson
    Frank C. Gibson, OSB #792352
    Jonathan M. Hood, OSB #133872
    Of Attorneys for Defendant