IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREAT BOWERY, INC.
dba Trunk Archive,

                Plaintiff,

v.

CASCADE DIGITAL MEDIA LLC;
DOES 1 through 10 inclusive,

                Defendants.

Case No. 6:20-cv-00009-MK

**FINDINGS AND RECOMMENDATION**

**KASUBHAI, Magistrate Judge:**

    Plaintiff Great Bowery, Inc., d/b/a/ Trunk Archive ("Plaintiff") brought this action against Defendants Cascade Digital Media LLC ("Defendant") and Does 1 through 10 alleging copyright infringement. Both parties moved for summary judgment. Defendant also filed a motion for sanctions based on Plaintiff's alleged failure to provide discovery. For the reasons stated, Defendant's motion for summary judgment should be granted. Defendant's motion for sanctions should be denied. Plaintiff's motion for summary judgment should also be denied.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

This is a copyright infringement case arising out of Defendant's alleged display of two photographic images. Plaintiff is a photography licensing agency that entered into an agreement (the "Artist Agreement") with the photographer Annie Liebovitz on or about November 12, 2014, to license certain copyrighted images of her photographs. The agreement between Plaintiff and Liebovitz (the "Artist Agreement") grants Plaintiff "the exclusive worldwide right to license, market and promote the Licensed Images … for all uses in any and all media." (Artist Agreement at 1). On June 12, 2018, Liebovitz sent a letter to Plaintiff (the "Authorization Letter") stating that Plaintiff was authorized to "act on [Liebovitz's] behalf in all matters relating to copyright infringement of my work."

At issue in this case are two images of Caitlyn Jenner taken by Liebovitz for *Vanity Fair* (the "Images"). Defendant posted the Images on its website on or about April 26, 2019. The Images are registered with the U.S. Images Copyright to Liebovitz as of August 7, 2015. Plaintiff alleges that it is the exclusive licensor of these images pursuant to the Artist Agreement and may seek to enforce Liebovitz's copyright. Defendants now move for summary judgment, arguing that Plaintiff lacks standing to bring this action on Liebovitz's behalf. Defendants also moved for the imposition of sanctions based on Plaintiff's failure to provide discovery, and Plaintiff also filed a motion for summary judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. T. W. Elec. Servs., Inc. v. Pac.

Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. Id. at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. T. W. Elec., 809 F.2d at 630.

## DISCUSSION

The central issue for the Court to determine is whether Plaintiff has standing to bring this copyright infringement action. Standing "must be supported at each stage of litigation in the same manner as any other essential element of the case." Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1140 (9th Cir. 2003).

A copyright has six statutorily created exclusive rights. 17 U.S.C. ¶ 106; Fahmy v. Jay-Z, 908 F.3d 383, 394 (9th Cir. 2018). "Copyright owner" refers to the owner of any one of the exclusive rights comprised in a copyright. 17 U.S.C. at ¶ 101. To have standing to bring the infringement claim alleged in Plaintiff's Complaint, Plaintiff must prove that it is "[t]he legal or beneficial owner of an exclusive right under a copyright" that Defendant allegedly violated. 17 U.S.C. ¶ 501(b). The Copyright Act also provides requirements for transferring copyright ownership. 17 U.S.C. ¶ 204. "A transfer of copyright ownership, other than by operation of law,

is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." 17 U.S.C. ¶ 204(a). A "transfer of copyright ownership" includes an "exclusive license" or any other conveyance "of the exclusive rights comprised in a copyright;" it does not include non-exclusive licenses. 17 U.S.C. at ¶ 101.

Here, Plaintiff asserts two bases for its standing to bring copyright infringement claims: (1) the Artist Agreement; and (2) the Authorization Letter. Defendant argues that neither of these alleged bases are sufficient to confer standing.

I.  **THE ARTIST AGREEMENT**

Defendant first argues that the Artist Agreement is not sufficient to confer standing to Plaintiff to bring this copyright action. The Artist Agreement provides as follows:

> Licensed Images: The images subject to this Agreement shall be those images provided to Trunk Archive by Artist or Artist's authorized agent for representation hereunder (the "Licensed Images"). For clarification purposes, any sale or license of the Licensed Images by Trunk Archive must be approved by Artist in advance.

Thus, the Images are subject to the Agreement only if they became "Licensed Images." According to the Artist Agreement, and as Plaintiff concedes, images become Licensed Images under the Agreement only when provided to Plaintiff by Liebovitz. After the close of discovery, Plaintiff had not submitted any evidence Liebovitz provided the Images at issue to Plaintiff. There is therefore no factual issue as to whether Liebovitz has provided the Images to Plaintiff. Because the Images are not subject to the Artist Agreement, the Artist Agreement does not transfer copyright ownership to Plaintiff and thus does not provide a sufficient basis for Plaintiff's standing to bring this infringement action. 17 U.S.C. ¶ 204.

## II.    THE AUTHORIZATION LETTER

Defendant next argues that the authorization letter (the "Letter") does not purport to transfer any copyright ownership or exclusive license of the Images to Plaintiff. The Letter states that Liebovitz is "the holder of all rights, title and interest in and to the copyrighted works for which Trunk Archive will be acting on [Liebovitz's] behalf." The Letter therefore does not convey a right in any copyrighted works to Plaintiff.

Further, the Letter specifies that Liebovitz's "authorization includes sending cease and desist letters, initiating and prosecuting litigation or other formal proceedings in [Liebovitz's] name and on [her] behalf as a named claimant or co-claimant in relevant courts…" Here, there is no evidence that Liebovitz sent a cease-and-desist letter to Defendant, and she is not a claimant or co-claimant in this action. On this record, the Letter does not provide Plaintiff with standing to bring this action. It establishes, instead, that Plaintiff is not a holder of any exclusive right to any of Liebovitz's copyrighted works.

In sum, Plaintiff has provided no documents to show that it acquired exclusive rights to the Images at issue in this proceeding. Plaintiff, therefore, does not have standing to bring this action. Because Plaintiff has failed to establish standing in this case, all other factual issues are necessarily rendered immaterial. Celotex Corp., 477 U.S. at 323. For these reasons, Defendant's motion for summary judgment should be granted. Plaintiff's motion for summary judgment should be dismissed.

## III.    DEFENDANT'S MOTION FOR SANCTIONS

Defendant also moves the Court to preclude Plaintiff from relying on the Artist Agreement for any purpose in the litigation. Because the Court recommends that Defendant's motion for

5  - FINDINGS AND RECOMMENDATION

summary judgment should be granted, and this remedy would moot Defendant's primary sanction request, Defendant's motion for sanctions should be denied.

## RECOMMENDATION

For the foregoing reasons, Defendant's motion for Summary Judgment (ECF 16) should be granted. Plaintiff's motion for summary Judgment (ECF 18) should be denied. Defendant's motion for sanctions (ECF 23) should be denied.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 15th day of July 2021.

                                              s/ Mustafa T. Kasubhai
                                              MUSTAFA T. KASUBHAI (He / Him)
                                              United States Magistrate Judge