Mathew K. Higbee, Esq.,
State Bar No. 106514
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbeeassociates.com

Attorney for Plaintiff,
GREAT BOWERY INC. d/b/a
TRUNK ARCHIVE

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON

| | |
|---|---|
| GREAT BOWERY INC. d/b/a TRUNK ARCHIVE, | Case No. 6:20-cv-0009-MK |
| Plaintiff, | **JOINT MOTION TO VACATE** |
| v. | |
| CASCADE DIGITAL MEDIA LLC; and DOES 1 through 10 inclusive, | |
| Defendant. | |

1

1

**JOINT MOTION TO VACATE**

2       Plaintiff Great Bowery Inc. d/b/a Trunk Archive and Defendant Cascade

3   Digital Media, LLC, jointly move the Court to Vacate the Findings and

4   Recommendations, (Dkt. #31), Order Adopting the Findings and Recommendations

5   (Dkt. #35), and Judgment (Dkt. #36) entered in this matter. In connection with a

6   successful mediation at the 9th Circuit Mediation panel, the Parties have reached a

7   confidential settlement over this matter and a similar pending[1] matter to eliminate

8   continued litigation in this Court and subsequent appellate proceedings which

9   would likely result in the Parties incurring fees and costs cumulatively exceeding

10  the entire value of Plaintiff's original claims.

11      As part of the Parties' settlement is conditioned on having two orders and a

12  judgment in this case vacated, namely the Findings and Recommendations, (Dkt.

13  #31), Order Adopting the Findings and Recommendations (Dkt. #35), and

14  Judgment (Dkt. #36).

15      The Parties' stipulated request and joint motion to vacate those orders is

16  supported by Federal Rules of Civil Procedure and federal precedent. The

17  alternative is continued litigation in appellate proceedings and potential further

18  litigation on remand, with cumulative fees and costs likely to exceed the dollars at

19  issue.

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28

---

[1] The second matter is the related case *Leibovitz v. Avenue 5 Media, LLC* – District of Oregon case 6:22-cv-00607-MK.

**JOINT MOTION TO VACATE**

1

**MEMORANDUM OF LAW**

2
**I.    INTRODUCTION**

3    Plaintiff Great Bowery Inc. d/b/a Trunk Archive ("Trunk Archive") is a full-
4    service photography licensing agency.

5    Cascade Digital is the owner and operator of the website,
6    http://buzzfortoday.com/ (the "Website"). On or around July 16, 2015, Cascade
7    Digital posted copyrighted photographs as to which Trunk Archive asserted an
8    exclusive license, which license was the basis alleged by Trunk Archive for its
9    standing to file the above-captioned litigation. Cascade Digital contested Trunk
10    Archive's standing to file suit.

11    **B.    Procedural Background**

12    On February 5, 2021, both parties moved for summary judgment. Trunk
13    Archived moved for summary judgment on the issue of copyright infringement.
14    Cascade Digital moved for summary judgment solely on the issue that Trunk
15    Archive lacked standing to bring this lawsuit.

16    On June 24, 2021, Hon. Magistrate Judge Mustafa T. Kasubhai held a
17    hearing on the parties' motions, and on July 15, 2021, Judge Kasubhai issued a six
18    page "Findings and Recommendation" recommending that Trunk Archive's Motion
19    be denied and Cascade Digital's Motion be granted on the grounds that Trunk
20    Archive lacked standing.

21    Trunk Archive timely filed an Objection. The Court overruled the Objection,
22    adopted Judge Kasubhai Findings and Recommendations, and entered Judgment in
23    favor of Cascade Digital. Trunk Archive timely appealed to the 9th Circuit.

24    On June 30, 2022, the Parties held a mediation through the 9th Circuit
25    mediation program. The Parties reached a confidential settlement of this matter as
26    well as a related matter, and agreed as a condition of the settlement that, in
27    exchange for Trunk Archive forgoing its right to appeal, the Parties would jointly

28

3

move the Court to vacate the Findings and Recommendations, (Dkt. #31), Order Adopting the Findings and Recommendations (Dkt. #35), and Judgment (Dkt. #36).

The Parties now so move.

## II.   THE REQUEST TO VACATE SHOULD BE GRANTED

Federal Rule of Civil Procedure Rule 60 provides this Court with authority to strike and vacate the Order on the Cross-Motions for Summary Judgment pursuant to a material term to a proposed settlement of this case.

In particular, Rule 60(b)(6) provides that a Court may set aside a final judgment or ruling for "any other reason that justifies relief" as the interests of justice require. *See In Re International Fibercom, Inc*., 503 F.3d 933, 940 (9th Cir. 2007) (Rule 60(b)(6) "should be liberally applied" to "accomplish justice").

The decision to vacate an order is addressed to the sound discretion of the district court and gives the court a grand reservoir of equitable power to do justice in a particular case. FRCP 60(b); *Backlund v. Barnhart*, 778 F.2d 1386 (9th Cir. 1985) (applying Washington law) (decision to vacate reviewed under broad abuse of discretion standard).

Here, to facilitate a conditional settlement, and as an express term in their negotiated settlement agreement, Trunk Archive and Cascade Digital agreed to file the instant Joint Motion to vacate the Findings and Recommendations, (Dkt. #31), Order Adopting the Findings and Recommendations (Dkt. #35), and Judgment (Dkt. #36). On similar facts, courts have upheld this request.

In *Novell, Inc. v. Network Trade Center*, 187 FRD 657, 660 (D. Utah 1999), the parties to a trademark infringement dispute reached a settlement predicated on partial vacatur of the district court's prior rulings, and petitioned the court for a vacatur pursuant to FRCP 60(b)(5). *Id.* at 659.

The *Novell* court, noting the parties had good reason to seek vacatur, and that settlement, including vacatur, presented a simple and inexpensive way to accommodate both parties' interests, approved the motion. *Id.* at 661. *See also,*

4

1  *Lycos v. Blockbuster*, 2010 U.S. Dist. LEXIS 136252, 2010 WL 5437226 (D. Mass.

2  2010) (vacatur approved where settlement contingent on court's granting party's

3  unopposed motion to vacate).

4       Here, the Parties agreed as a condition to settlement that they would seek

5  vacatur of the Court's Findings and Recommendations, (Dkt. #31), Order Adopting

6  the Findings and Recommendations (Dkt. #35), and Judgment (Dkt. #36). Because

7  the Parties are willing to resolve the case and forego the appeal, as well as resolve

8  the currently pending related case, the Parties believe the requested relief is justified

9  to promote compromise and avoid expensive litigation. By vacating the Orders and

10 Judgment, the Parties obtains the outcome they desire from the resolution and are

11 not compelled to continue to litigate on appeal or in the related matter. *See also*

12 *Jaynes Corp. v. Am. Safety Indem. Co.*, 2014 U.S. Dist. LEXIS 183673, at *6-8 (D.

13 Nev. Dec. 2, 2014) ("While the settlement agreement between the parties is

14 anticipated to relieve the parties of any further obligations in this case, ASIC seeks

15 the instant relief due to the continuing, citable nature of the prior Order, which may

16 detrimentally impact ASIC in other, future cases.").

17      The strong public policies of encouraging settlement and conserving judicial

18 resources apply here; the parties submit no reason exists for the Court to not grant

19 this Joint Motion.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

**JOINT MOTION TO VACATE**

1

**III.    CONCLUSION**

2

For the reasons stated above, the Court should vacate its Findings and

3

Recommendations, (Dkt. #31), Order Adopting the Findings and Recommendations

4

(Dkt. #35), and Judgment (Dkt. #36).

5

6

DATED: July 8, 2022                                     Respectfully submitted,

7

**/s/ Mathew K. Higbee**

8

Mathew K. Higbee, Esq.
State Bar No. 106514

9

**HIGBEE & ASSOCIATES**

1504 Brookhollow Dr., Ste 112

10

Santa Ana, CA 92705-5418

11

(714) 617-8350
(714) 597-6559 facsimile

12

*Counsel for Plaintiff*

13

14

**/s/Frank C. Gibson**

15

Frank C. Gibson, OSB #792352

16

Jonathan M. Hood, OSB #133872

**HUTCHINSON COX**

17

940 Willamette Street, Suite 400

18

P.O. Box 10886
Eugene, Oregon 97440

19

Telephone: (541) 686-9160

20

*Counsel for Defendant*

21

22

23

24

25

26

27

28

6

**PROOF OF SERVICE**

I, the undersigned, say:


I am a citizen of the United States and I am a member of the Bar of this Court. I am over the age of 18 and not a party to the within action My business address is 1504 Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

On July 8, 2022 I caused to be served the foregoing documents:

**JOINT MOTION TO VACATE; [PROPOSED] ORDER**

X      I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court, District of Oregon using the CM/ECF system which will send notice of such filing to the following registered CM/ECF users:

**Frank C. Gibson** fgibson@eugenelaw.com

**Jonathan Hood**  jhood@eugenelaw.com


I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on July 8, 2022 at Santa Ana, California.


*/s/ Ryan E. Carreon*
Ryan E. Carreon

**JOINT MOTION TO VACATE**